IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

PANDA INVESTMENTS, INC.,

    Plaintiff,

vs.

JABEZ ENTERPRISES LIMITED,

    Defendant.

No. 07-CV-114-LRR

**ORDER**

*TABLE OF CONTENTS*

*I. INTRODUCTION* .................................... *1*

*II. PROCEDURAL AND FACTUAL BACKGROUND* ................. *1*

*III. LEGAL ANALYSIS* ................................. *7*
    *A. Entry of Default* ............................ *7*
    *B. Default Judgment* ............................ *7*
    *C. Remedies* .................................... *9*

*IV. DISPOSITION* ................................... *10*

*I. INTRODUCTION*

The matter before the court is Plaintiff Panda Investments, Inc.'s ("Panda") Application for Default Judgment ("Motion") (docket no. 9) and its Hearing Brief (docket no. 13), including the twenty-five attached exhibits (docket nos. 13-2 through 13-6).

*II. PROCEDURAL AND FACTUAL BACKGROUND*

On October 20, 2007, Panda filed a Complaint and Jury Demand ("Complaint") against Defendant Jabez Enterprises Limited ("Jabez"). Count I of the Complaint alleges Fraudulent Transfer, in violation of Iowa's Uniform Fraudulent Transfer Act ("UFTA"), Iowa Code chapter 684. Count II alleges Unfair Competition, in violation of 15 U.S.C. § 1125(a), or § 43(a) of the Lanham Act of 1946 ("Lanham Act"), 15 U.S.C. § 1501, *et*

*seq.* Count III seeks Correction of the Trademark Register, pursuant to 15 U.S.C. § 1119. In the Complaint, Panda seeks damages and injunctive relief.

In the Complaint, Panda alleges the following:

> 7. Alpha International, Inc. ("Alpha") is a corporation organized under the laws of Iowa with its principal place of business in Cedar Rapids, Iowa.
>
> 8. Prior to October 5, 2007, Connie Ho Hung [("Ms. Hung")] was the President and owned 99.5% of the stock of Alpha.
>
> 9. On October 5, 2007, [Ms. Hung's] stock in Alpha was sold by the Bankruptcy Trustee in the case captioned [*In re Connie Hung, f/k/a Connie Keener, d/b/a Alpha International, Inc., d/b/a Cornerstone Cedar Rapids, LLC, d/b/a CR Omega, d/b/a Empire Toys (HK), Ltd., d/b/a Gearbox Toys (HK), Ltd., d/b/a Hadassah-Purium, LLC, d/b/a Hung Enterprises, LLC, d/b/a Jacob Wells, LLC, f/d/b/a The Gearbox Foundation, f/d/b/a Toys Update, Inc., f/d/b/a Closeouts Unlimited, Inc. f/d/b/a Toy Collector Club of America, Inc.*, No. 07-01377 (Bankr. N.D. Iowa 2007)].
>
> 10. As of October 5, 2007, Alpha is under new ownership. . . .
>
> <u>Alpha's grant of security interests in its trademarks</u>
>
> 11. In 2006 and 2007, Alpha executed promissory notes including:
> - Note # 12775516 originally dated 11/03/2006 for $282,250; and
> - Note # 12866067 originally dated 06/06/2007 for $25,000.
>
> 12. In 2006, [Ms. Hung] executed promissory notes including:
> - Note # 12664413 originally dated 03/27/2006 for $500,000; and

- Note # 12677919, originally dated 04/18/2006 for $1,611,981.13.[1]

13. In connection with the execution of the [Promissory Notes], [Ms. Hung] executed Commercial Security Agreements and a Hypothecation Agreement granting the holder of the [Promissory Notes] a security interest in all of the assets of Alpha, including without limitation: accounts, inventory, equipment, general intangibles including intellectual property, and all other assets of Alpha. See Exhibit 1 [(docket no. 1, at Ex. 1)].

14. The trademarks on the schedule attached as Exhibit 2 [(docket no. 1, at Ex. 2)] are subject to the Commercial Security Agreements.

15. On July 11, 2007, each of the [Promissory Notes], [Commercial Security Agreements], and related loan documents were assigned to Panda.

16. Panda is the owner of the [Promissory Notes] and the Collateral Security Agreements.

17. Alpha is in default on each of the [Promissory Notes].

### Jabez

18. [Ms. Hung] created and controls Jabez, a Hong Kong corporation.

19. [Ms. Hung] is an insider in Jabez.

20. [Ms. Hung] has installed family members and a close personal friend as the sole shareholders of Jabez.

---

[1] The court will hereinafter collectively refer to the four promissory notes as "Promissory Notes."

21. Upon information and belief, Jabez has two directors: King Yui (the first cousin of [Ms. Hung]) and Edwin Hung (the son of [Ms. Hung]).

Alpha's alleged fraudulent transfer of trademarks to Jabez

22. On June 26, 2006, [Ms. Hung] executed the Trademark Assignment attached [to the Complaint] as Exhibit 3 [(docket no. 1-5, at Ex. 3)], purporting to assign Alpha's trademarks to Jabez.

23. On or about May 17, 2007, Alpha recorded the Trademark Assignment executed June 26, 2006. See Exhibit 4 [(docket no. 1-6, at Ex. 4)].

24. The transfer of Alpha's intellectual property was done without the knowledge or consent of the lender and secured party.

25. The transfer of Alpha's intellectual property was done without the approval of the Board of Directors of Alpha.

26. The transfer of the trademarks violates the loan agreements. No consent was sought from the bank, and the transfer was not reported to the bank at the time of the transfer of the trademarks.

27. The transfer was made without Alpha receiving reasonably equivalent value or other consideration.

28. Upon information and belief, it is alleged that, at the time of the transfer, Alpha was engaged in a business for which its assets were unreasonably small and Alpha intended to incur debts beyond its ability to pay.

* * *

31. The transfer of Alpha's intellectual property was fraudulent as to [Panda], a secured party.

* * *

> 34. Jabez has been making representations in the toy industry that it is the owner of Alpha's marks.
>
> 35. Attached [to the Complaint] as Exhibit 5 [(docket no. 1-7, at Ex. 5)] is a letter from Jabez [("Letter")] indicating that it is the owner of Alpha's marks. The [Letter], which was sent to manufacturers, sales representatives, and distributors, has misled them into believing that Jabez has "taken over" Empire Toys, which is a Hong Kong operating company owned by Alpha International. The [L]etter further misrepresents that Jabez owns the tooling and trademarks including Grand Champions, Gearbox Toys & Collectibles, Big Wheel, Crocodile Mile and all sub-brands.
>
> 36. Each of the trademarks referred to in the [Letter] was included in the unauthorized Trademark Assignment executed by [Ms. Hung] on June 26, 2006.
>
> 37. Each of the trademarks referred to in the [Letter] are subject to Panda's Collateral Security Agreement.
>
> 38. Upon information and belief, Jabez has offered for sale products bearing the marks owned by Alpha.

Complaint (docket no. 1-2).

In doing these things, Panda alleges that (1) the transfer of Alpha's intellectual property was fraudulent as to Panda, a secured party, and Panda is entitled to avoidance of the transfer, pursuant to Iowa Code chapter 684; (2) Panda is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, because Jabez's actions violate 15 U.S.C. § 1125(a); (3) because the purported assignment of trademarks was without Panda's consent, it should be voided, rescinded, or canceled, pursuant to 15 U.S.C. § 1119; and (4) the Director of the United States Patent and Trademark Office should be ordered to make an appropriate entry in the register to reflect that Alpha is the owner of the marks.

Jabez did not file an answer to Panda's Complaint or any other responsive pleading.

On November 16, 2007, the Clerk of Court for the United States District Court for the Northern District of Iowa entered default against Jabez pursuant to Federal Rule of Civil Procedure 55(a). Defendant has not responded in any way to the Clerk of Court's entry of default.

On November 17, 2007, Panda filed the instant Motion, pursuant to Federal Rule of Civil Procedure 55(b). In the Motion, Panda seeks entry of default judgment against Jabez as well as (1) a permanent injunction preventing Jabez from using any of Alpha's marks or any colorable imitation of Alpha's marks and (2) an order directing the director of the United States Patent and Trademark Office to correct the register to reflect that Alpha is the owner of the relevant marks. Jabez has not resisted the Motion, and the time for doing so has expired. *See* LR 7.1.e (providing fourteen days to resist a motion); LR 6.1 (providing an additional three days for electronic service).

On December 12, 2007, the court scheduled a hearing on the Motion. *See* Order (docket no. 10). On December 19, 2007, Panda filed the Hearing Brief and exhibits. In the Hearing Brief, Panda requests the following relief:

> 1. Rescission of the alleged fraudulent transfer of trademarks.
>
> 2. . . . [A]n order to the Director of the [United States Patent and Trademark Office] to make an appropriate entry in the register to reflect that [Alpha] is the owner of the marks.
>
> 3. An injunction to prevent Jabez from violating 15 U.S.C. § 1125.

Hearing Brief (docket no. 13), at 24.

On December 20, 2007, the court held the hearing. Panda was represented by attorneys Kevin H. Collins and Sarah J. Gayer. Jabez did not appear at the hearing.

The court finds the Motion fully submitted and ready for decision. It turns to consider the merits of the Motion.

## III. LEGAL ANALYSIS

### A. Entry of Default

As an initial matter, the court notes that an entry of default is a prerequisite to a default judgment under Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55(a). By its terms, Rule 55 requires two steps before entry of a default judgment. Fed. R. Civ. P. 55. First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). The clerk's record should contain a notation to that effect. *Id.* The default notation is an interlocutory action; it is not itself a judgment. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (considering motion to set aside an entry of default in an interlocutory appeal).

As previously noted, the Clerk of Court for the United States District Court for the Northern District of Iowa filed an entry of default in this case on November 16, 2007 (docket no. 8). Thus, Panda has completed the first step in the process of obtaining a default judgment against Jabez. The court therefore will consider whether it is appropriate in this case to enter a default judgment against Jabez.

### B. Default Judgment

The second and final step before entry of a default judgment requires a plaintiff to request or apply for a default judgment pursuant to Rule 55(b). Under that subsection, the moving party may seek entry of judgment on the default under either subsection (b)(1) or (b)(2). The judgment envisioned by Rule 55(b) is the final judgment in the case, not merely an interlocutory order designed to lead, after a hearing, to a final judgment. The judgment by default involves final judicial action and is a final judgment for all purposes as between the parties and those in privity with them. *See, e.g., Henry v. Tri-Servs., Inc.*, 33 F.3d 931, 932 (8th Cir. 1994) (describing entry of default judgment in that case as following entry of default by clerk); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n.11

7

(2d Cir. 1995) (distinguishing between the first step, entry of default, and the second, entry of default judgment).

The entry of a default judgment is a matter in the trial court's discretion. *Swink v. City of Pagedale*, 810 F.2d 791, 792 (8th Cir. 1987). There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, *see, e.g., Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980), particularly when the monetary damages sought are substantial, *see, e.g., Swink*, 810 F.2d at 792 n.2 (citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2693, at 482-85 (2d ed. 1983)). The Eighth Circuit Court of Appeals consistently adheres to the strong judicial policy against default judgments. *Oberstar v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 503-04 (8th Cir. 1993) (citing *Marshall v. Boyd*, 658 F.2d 552, 554 (8th Cir. 1981), and noting that this judicial preference for adjudication on the merits "goes to the fundamental fairness of the adjudicatory process"); *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993) ("Default judgments are . . . not favored by the law."). The Eighth Circuit Court of Appeals also finds it inappropriate to grant default judgment for "a marginal failure to comply with the time requirements." *Oberstar*, 987 F.2d at 503; *Harre*, 983 F.2d at 129-30. Furthermore, entry of judgment by default is a drastic remedy which should be used only in extreme situations. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (referring to default judgments and dismissals as "extreme sanctions"). In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is appropriate only where there has been a clear record of delay or contumacious conduct. *Harre*, 983 F.2d at 130; *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1332 (8th Cir. 1988). Any doubts as to whether a party is in default should be decided in favor of the defaulting party. Wright et al., *Federal Practice and Procedure* § 2681, at 402-03.

In this case, Panda seek a default judgment against Jabez due to Jabez's failure to file an answer to the Complaint, and Jabez's failure to respond in any way to the Clerk of Court's November 16, 2007 entry of default. Jabez has not appeared or otherwise participated in this lawsuit since the Complaint was filed on October 20, 2007.[2] This indicates to the court that Jabez does not desire to contest the action. The court has no doubt as to whether Jabez is in default. Therefore, the court finds this one of the rare occasions on which an entry of default judgment is appropriate.

The court shall grant default judgment on Counts I, II and III of the Complaint.

### C. Remedies

The court now turns to determine what relief shall be granted. *See United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) (stating that "an evidentiary hearing may be required to establish what type of relief is necessary"). It incorporates by reference the information contained in the Hearing Brief and Panda's Exhibits 1 through 25 (docket nos. 13-2 through 13-6).

Panda has shown that the transfer of Alpha's intellectual property was fraudulent as to Panda, a secured party. Therefore, Panda has shown its entitlement to avoidance and rescission of the fraudulent transfer. *See* 15 U.S.C. § 1119 ("In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."); *see also* Iowa Code § 684.7(1) (explaining that the remedies of avoidance, attachment and an injunction are among the remedies available to creditors for fraudulent transfers). The court shall order that the Director of the Patent and Trademark Office "make appropriate entry upon

---

[2] The court does not consider Edwin Hung's pro se attempt to represent the corporation as an appearance by Jabez. *See* Order (docket no. 6) (denying the pro se motion to dismiss).

the records of the Patent and Trademark Office" to reflect the rescission and restore the marks on Court Exhibit 1 to Alpha. 15 U.S.C. § 1119.

The court also finds that injunctive relief is an appropriate remedy, because it is the best remedy available to protect Panda from the risk of continuing irreparable harm. *See* 15 U.S.C. § 1116(a) (permitting injunctive relief to "prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation of [15 U.S.C. §§ 1125(a), 1125(c) or 1125(d)]"); *eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1837, 1839 (2006) (setting forth a four-factor test that a plaintiff must meet when seeking a permanent injunction); *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 967 (8th Cir. 2005) (setting forth three factors that court must examine before granting permanent injunctive relief). The court shall permanently enjoin Jabez.

## *IV. DISPOSITION*

For the forgoing reasons, the court hereby **ORDERS**:

(1) Panda's Motion (docket no. 9) is **GRANTED**;

(2) Jabez is **PERMANENTLY ENJOINED** as follows: Jabez Enterprises Limited and its officers, agents, servants, employees, attorneys and those persons, firms, or corporations acting in concert and participation with it who receive actual notice of this order by personal service or otherwise, from use of any of the marks to be restored is enjoined from directly or indirectly from using any of the marks to be restored to Alpha International, Inc., identified on Court Exhibit 1, or any other colorable imitation of Alpha International Inc.'s mark in any advertisement, promotion, offer for sale, or sale of any goods bearing the mark such that confusion is likely;

(3) Pursuant to 15 U.S.C. § 1119, the Trademark Assignment from Alpha International, Inc. to Jabez Enterprises Limited, executed on June 27, 2006,

and recorded with the Assignment Branch of the United States Patent and Trademark Office at Reel: 003544 Frames: 0270 through 0278 on May 17, 2007, and attached hereto as Court Exhibit 1, is voided, rescinded and cancelled;

(4) The Director of the United States Patent and Trademark Office is directed to rectify and make appropriate entry upon the records of the United States Patent and Trademark Office to reflect that the true and correct owner of the registrations identified in the attached Court Exhibit 1 is Alpha International, Inc.;

(5) The Clerk of Court is directed to provide to the Director of the United States Patent and Trademark Office a certified copy of this order; and

(6) The Clerk of Court is directed to send a copy of this order to Jabez Enterprises Limited by United States mail.

**IT IS SO ORDERED.**
**DATED** this 20th day of December, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

# TRADEMARK ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

**CONVEYING PARTY DATA**

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Alpha International, Inc. | | 06/27/2006 | CORPORATION: IOWA |

**RECEIVING PARTY DATA**

| Name: | Jabez Enterprises Limited |
|---|---|
| Street Address: | *** |
| City: | *** |
| State/Country: | HONG KONG |
| Entity Type: | CORPORATION: HONG KONG |

**PROPERTY NUMBERS Total: 25**

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 2017766 | GC |
| Registration Number: | 2027095 | |
| Registration Number: | 2312588 | ANOTHER FINE QUALITY GEARBOX COLLECTIBLE |
| Registration Number: | 2319887 | ANOTHER FINE QUALITY GEARBOX TOY |
| Registration Number: | 2049111 | BIG WHEEL |
| Serial Number: | 78874218 | |
| Registration Number: | 2858047 | BIG WHEEL |
| Serial Number: | 78352022 | BIG WHEEL KIDS |
| Registration Number: | 1521121 | BOOMERANG BUMP |
| Registration Number: | 1638498 | CROCODILE MILE |
| Registration Number: | 1479774 | CROCODILE MILE |
| Registration Number: | 1491328 | ENCHANTED KINGDOM |
| Registration Number: | 2110008 | FEED 'N NUZZLE |
| Serial Number: | 78515588 | FLOOR FLYER |
| Registration Number: | 2312106 | GEARBOX |

900077121

TRADEMARK
REEL: 003544 FRAME: 0270

| Registration Number: | 2541428 | GEARBOX PEDAL CAR COMPANY |
|---|---|---|
| Registration Number: | 2583183 | GEARBOX PEDAL CAR COMPANY CEDAR RAPIDS, IOWA |
| Serial Number: | 78724993 | GEARBOX TOYS & COLLECTIBLES CEDAR RAPIDS, IOWA |
| Registration Number: | 1706986 | GRAND CHAMPIONS |
| Serial Number: | 78572376 | HORSE COUNTRY |
| Registration Number: | 2175591 | QUALITY ISN'T SOMETHING WE TOY AROUND WITH |
| Registration Number: | 3097303 | THE MOST BEAUTIFUL HORSES IN THE WORLD |
| Registration Number: | 2714424 | THE WORLD KNOWS NO BETTER QUALITY |
| Registration Number: | 2312580 | WAVE JET |
| Registration Number: | 1474292 | WET'N WACKY |

**CORRESPONDENCE DATA**

Fax Number: (216)566-5800
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Email: trademarks@thompsonhine.com
Correspondent Name: Megan D. Dortenzo c/o Thompson Hine LLP
Address Line 1: P.O. BOX 8801
Address Line 2: Trademarks
Address Line 4: Dayton, OHIO 45401-8801

| ATTORNEY DOCKET NUMBER: | 071868.0003 |
|---|---|

**DOMESTIC REPRESENTATIVE**

Name: Randy Nazette, Esq.
Address Line 1: 100 First Street, S.W.
Address Line 2: Suite 100
Address Line 4: Cedar Rapids, IOWA 52404-5798

| NAME OF SUBMITTER: | Megan D. Dortenzo |
|---|---|
| Signature: | /Megan D. Dortenzo/ |
| Date: | 05/17/2007 |

Total Attachments: 7
source=Alpha - Jabez Assignment#page1.tif
source=Alpha - Jabez Assignment#page2.tif
source=Alpha - Jabez Assignment#page3.tif
source=Alpha - Jabez Assignment#page4.tif
source=Alpha - Jabez Assignment#page5.tif
source=Alpha - Jabez Assignment#page6.tif
source=Alpha - Jabez Assignment#page7.tif

## TRADEMARK ASSIGNMENT

WHEREAS, Alpha International, Inc., an Iowa corporation (hereinafter "Assignor"), is the registered owner of certain trademarks shown on Schedule A attached hereto (collectively, "Trademarks").

WHEREAS, Jabez Enterprises Limited, a Hong Kong corporation (hereinafter "Assignee"), is desirous of acquiring any and all rights that Assignor may have in and to the Trademarks and the application and registration therefor, together with the goodwill of the business in connection with which the Trademarks are used and which are symbolized by the Trademarks, along with the right to recover for damages and profits for past infringements thereof;

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, Assignor does hereby assign, sell and transfer unto Assignee, its successors and assigns, all of its right, title and interest in and to the Trademarks, and the applications and registrations therefor, together with the goodwill of the business symbolized by the Trademarks, along with the right to recover for damages and profits for past infringements thereof. Further, Assignee hereby accepts all of its right, title and interest in and to the Trademarks, and the application and registration therefor, together with the goodwill of the business symbolized by the Trademarks, along with the right to recover for damages and profits for past infringements thereof.

_____
Connie Hung, President
Alpha International, Inc.   (Seller)

JUNE 27, 2006
(date)

11215860.1                                     -1-

**TRADEMARK**
REEL: 003544 FRAME: 0272

Court Exhibit 1
Page 3 of 9

## SCHEDULE A

## TRADEMARKS

**United States:**

1. GC stylized mark:
   Registration No.: 2,017,786
   Registration Date: Nov. 19, 1996
   International Class: 028 – Toy horses

2. Running Horse design:
   Registration No.: 2,027,095
   Registration Date: Dec. 31, 1996
   International Class: 028 – Toy horses

3. Another Fine Quality Gearbox Collectible design:
   Registration No.: 2,312,588
   Registration Date: Jan. 25, 2000
   International Class: 028 – Collectibles, namely scale toy replicas of aircraft, cars, trucks, farm tractors, farm implements, and canned goods; toys, namely play figurines, aircraft, cars, trucks, and dolls

4. Another Fine Gearbox Toy design:
   Registration No.: 2,319,887
   Registration Date: Feb. 15, 2000
   International Class: 028 – Collectibles, namely, scale toy replicas of aircraft, cars, trucks, farm tractors, farm implements, and canned goods; toys, namely, play figurines, aircraft, cars, trucks, and dolls

5. Mark: BIG WHEEL
   Registration No.: 2,049,111
   Registration Date: April 1, 1997
   International Class: 028 – Child's ride-on toy

6. Big Wheel design:
   Serial No.: 78/874,218
   Filing Date: May 2, 2006
   International Class: 028 – Toys, namely ride-on toy vehicle

-2-

7. Big Wheel design: 
Registration No.: 2,858,047
Registration Date: June 29, 2004
International Class: 028 – Toys, namely ride-on toy vehicle

8. Mark: BIG WHEEL KIDS
Serial No.: 78/352,022
Filing Date: Jan. 14, 2004
International Class: 028 – Toys and novelty items

9. Mark: BOOMERANG BUMP
Reg. No.: 1,521,121
Reg. Date: Jan. 17, 1989
International Class: 028 – Toy water slides

10. Mark: CROCODILE MILE
Reg. No.: 1,638,498
Reg. Date: March 19, 1991
International Class: 028 – Waterslides, play swimming pools and inflatable wading pools, some containing attached inflatable toys in the nature of ride-on and inflatable animals and figures

11. Mark: CROCODILE MILE
Registration No.: 1,479,774
Registration Date: March 8, 1988
International Class: 028 – Toy water slides

12. Mark: ENCHANTED KINGDOM
Registration No.: 1,491,328
Registration Date: June 7, 1988
International Class: 028 – Toy animals, dolls, and accessories for them

TRADEMARK
REEL: 003544 FRAME: 0274

Court Exhibit 1
Page 5 of 9

13. Mark: FEED 'N NUZZLE
    Registration No.: 2,110,008
    Registration Date: October 28, 1997
    International Class: 028 – Toy animals and toy playsets including toy animals and accessories therefor

14. Mark: FLOOR FLYER
    Serial No.: 78/515,568
    Filing Date: November 11, 2004
    International Class: 028 – Toys, namely air, land, and sea vehicles of all types and accessories therefor

15. Mark: GEARBOX
    Registration No.: 2,312,106
    Registration Date: Jan. 25, 2000
    International Class: 028 – Collectibles, namely, scale toy replicas of aircraft, cars, trucks, farm tractors, farm implements, and canned goods; toys, namely, play figurines, aircraft, cars, trucks, and dolls

16. Mark: GEARBOX PEDAL CAR COMPANY
    Registration No.: 2,541,428
    Registration Date: Feb. 19, 2002
    International Class: 012 – children's pedal cars, tricycles and wagons

17. Gearbox Pedal Car Company Cedar Rapids, Iowa design:
    Registration No.: 2,583,183
    Registration Date: June 18, 2002
    International Class: 012 – children's pedal cars, tricycles and wagons

18. Gearbox Toys & Collectibles Cedar Rapids, Iowa design:
    Serial No.: 78/724,993
    Filing Date: Oct. 3, 2005
    International Class: 028 – Collectibles, namely, scale toy replicas of aircraft, cars, trucks, farm tractors, and farm implements; and toys, namely, play figurines, aircraft, cars and trucks

19. Mark: GRAND CHAMPIONS
    Registration No.: 1,706,986
    Registration Date: Aug. 11, 1992
    International Class: 028 – toy horses

TRADEMARK
REEL: 003544 FRAME: 0275

Court Exhibit 1
Page 6 of 9

20. Mark: HORSE COUNTRY
    Serial No.: 78/572,376
    Filing Date: Feb. 22, 2005
    International Class: 028 – Toys and playthings, namely toy horses and riders, and accessories for toy horses namely saddles, toy grooming kits, brushes and combs; toy buildings for horses, namely stables, pen and playhouses; and toy foodstuffs, namely apples and carrots

22. Mark: QUALITY ISN'T SOMETHING WE TOY AROUND WITH
    Registration No.: 2,175,591
    Registration Date: July 21, 1998
    International Class: 028 – Collectibles, namely, scale toy replicas of aircraft, cars, trucks, farm tractors, farm implements, and canned goods; toys, namely, play figurines, aircraft, cars, trucks, and dolls

23. Mark: THE MOST BEAUTIFUL HORSES IN THE WORLD
    Registration No.: 3,097,303
    Registration Date: May 30, 2006
    International Class: 028 – Toy human figures sold alone; toy human figures with accessories therefor sold as a unit; toy animal figures sold alone; toy animal figures with accessories therefor sold as a unit; toy human and animal figures sold as a unit; toy human and animal figures and accessories therefor sold as a unit

24. Mark: THE WORLD KNOWS NO BETTER QUALITY
    Registration No.: 2,714,424
    Registration Date: May 6, 2003
    International Class: 028 – Collectibles, namely scale toy replicas of aircraft, cars, trucks, farm tractors, farm implements and canned goods; toys, namely play figurines, aircraft, cars, trucks and dolls

25. Mark: WAVE JET
    Registration No.: 2,312,580
    Registration Date: Jan. 25, 2000
    International Class: 028 – Toy water slides

26. Mark: WET 'N WACKY
    Registration No.: 1,474,292
    Registration Date: Jan. 26, 1988
    International Class: 028 – Toy water slides

## Australia

1. Mark: CROCODILE MILE
   Registration No.: 518,147
   Registration Date: Aug. 30, 1989
   International Class: Toys, games and playthings including toy water slides, none being toy crocodiles, bicycles, tricycles part or accessories thereof

## Canada

1. Mark: BIG WHEEL KIDS
   Registration No.: 1,207,821
   Registration Date: Feb. 27, 2004
   International Class: toys and novelty items

2. Mark: BIG WHEEL
   Registration No.: 1,207,819
   Registration Date: Feb. 27, 2004
   International Class: ride on toy

3. Mark: GRAND CHAMPIONS
   Registration No.: TMA632,808
   Registration Date: Feb. 15, 2005
   International Class: toy horses, riders and accessories

TRADEMARK
REEL: 003544 FRAME: 0277

### Germany

1. Grand Champions Die schönsten Pferde der Welt! design:
   Registration No.: 003129541
   Registration Date: July 7, 2004
   International Class: 028 – toy horses, models of horses for collectors

2. Mark: GRAND CHAMPIONS
   Registration No.: 003055084
   Registration Date: April 4, 2004
   International Class: 028 – toys and playthings

3. Grand Champions design:
   Registration No.: 002572535
   Registration Date: March 12, 2003
   International Class: 028 – toy horses, models of horses for collectors